

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION



**FILED**

NOV 0 7 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Katarzyna Klimczuk

555 Hillside Dr. Highland Park, IL 60035

        Plaintiff

  vs.

City Of Highland Park,

1707 St Johns Ave, Highland Park IL 60035

        Defendant

1:25-cv-13685
Judge LaShonda A. Hunt
Magistrate Judge Albert Berry, III
RANDOM/Cat. 2

---

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

COMPLAINT FOR DECLARATORY, INDJUNCTIVE, AND MONETARY RELIEF

**INTRODUCTION**

1. Plaintiff brings this action under 42 U.S.C. § 1983 for violations of her rights secured by the Fourth, First and Fourteenth Amendments to the United States Constitution; Article I, Sections 3 and 6 of the Illinois Constitution; the Illinois Religious Freedom Restoration Act, 775 ILCS 35/1; and for related claims under Illinois common law to vindicate her constitutional rights to be free from unreasonable searches and seizures, to free exercises of religion, to due process of law, and to be free from trespass and unlawful deprivation of property without due process.

2. At all relevant times Defendant acted under color of state law and exercised its power possessed by virtue of state law, pursuant to an official policy, practice, and custom of the City of Highland Park.



August 8th, 2022

Mariusz Klmczuk
555 Hillside Dr
Highland Park, IL 60035

**RE: Correction to letter sent on July 27th, 2022.**

Dear Resident:

One of the responsibilities of the Forestry Division is the containment of Dutch Elm Disease within the City of Highland Park. The principle means of combating this problem is the prompt identification and immediate removal of infected trees. In our most recent survey, we observed **the one diseased Elm is on your property. It is located in the rear part of the property, tag #153. Please disregard the previous joint letter sent on July 27th, 2022 as additional information was given to the Forestry Department stating that the tree is on your property.**

According to City Ordinance, property owners must complete the tree removal to a low stump **within thirty (30) days of** receiving official notice of diseased American Elms. Failure to bring your property into compliance within the allotted time will result in a code violation notification issued to you, requiring your appearance at an administrative hearing where you could be fined for failure to comply with city ordinance.

Although numerous researchers are exploring solutions for Dutch Elm Disease, no cure is currently available. With your cooperation in removing diseased trees in a timely manner, our hope is to preserve remaining American Elms in our city. If you have any questions or have already made arrangements to have the tree removed please feel free to call or email the Forestry Section at **847.926.1149** or **ejordan@cityhpil.com**

For your convenience a list of commercial tree services specializing in the maintenance or removal of trees can be found by searching "Licensed Landscaper" on the City of Highland Park webpage at: www.cityhpil.com

**By receiving this letter, you are authorized to remove the trees listed above, no additional permit is necessary for removal.**

Sincerely,

Ellie Jordan
Seasonal Forester

Attachment
**Certified Mail No. 7018 1130000162309374**

2024MR00000531

exhibit #1 pg 1    5

**DISEASED, INFECTED OR INFESTED TREES**

Sec. 94.100  Dutch elm diseased trees declared nuisance.

Trees of all species and varieties of elm or zelkova infected with the fungus Ceratostomella Ulmi are hereby declared to be a public nuisance and shall be removed from the City of Highland Park within 30 days following notification given in accordance with the provisions of Section 94.115 of this Chapter of the discovery of such infection. It shall be unlawful for any person, firm or corporation, being the owner of property whereon such a tree is situated, to possess or keep such tree after the expiration of the 30 days following notification of the discovery of said infection. (Ord. 1016, J. 4, p. 1016, passed 9/23/57; Ord. 26-67, passed 6/26/67; Ord. 14-69, J. 7, p. 314, passed 3/10/69; Ord. 18-98, J. 24, p. 498-502, 2/23/98; **Ord. 71-09, J. 35, p. 255-279, passed 12/14/09)**

Sec. 94.105  Elm bark beetle breeding places declared nuisance.

Trees or parts thereof of elm or zelkova in a dead or dying condition that may serve as a breeding place for the European elm bark beetle, scolytus multistriatus, are hereby declared to be public nuisances, and it shall be unlawful for the person, firm or corporation owning property whereon the same is situated to possess or keep the same. (Ord. 1016, J. 4, p. 1016, passed 9/23/57; Ord. 18-98, J. 24, p. 498-502, 2/23/98)

Sec. 94.110  City Manager charged with enforcement.

The City Manager is charged with enforcement of Sections 94.100, 94.105, and 94.140 of this Chapter, and to that end may enter upon private property at all reasonable hours for purposes of inspecting trees thereon, and may remove such specimens as are required for purposes of analysis to determine whether or not the same are infected. It shall be unlawful for any person, firm or corporation to prevent the City Manager or his representative entering on private property for purposes of carrying out his duties hereunder, or to interfere with such City Manager or his representative in the lawful performance of his duties under the provisions of such Sections. (Ord. 1016, J. 4, p. 1016, passed 9/23/57; **Ord. 71-09, J. 35, p. 255-279, passed 12/14/09)**

Sec. 94.115  Removal of diseased, infected or infested trees

(A)     The City Manager or his representative shall give to the owner of the premises where the public nuisance described in Sections 94.100, 94.105, or 94.140 of this Chapter is found, a written notice of the existence of such nuisance, and requiring the removal of same. Service of such notice shall be by personal service, or by registered mail addressed to the person to whom was sent the tax bill for general taxes for the last preceding year. (**Ord. 71-09, J. 35, p. 255-279, passed 12/14/09)**

(B)     An owner who receives a notice pursuant to Section 94.115(A) of this Chapter must remove the trees identified in the notice either: (1) within 30 days after receipt of the notice, if the notice is received between March 2 and September 30 of any calendar year; or (2) not later than April 1, if the notice is received between October 1 and March 1. (**Ord. 71-09, J. 35, p. 255-279, passed 12/14/09)**

(C)     The notice delivered pursuant to Section 94.115(A) of this Chapter shall also notify the owner of the premises that unless such nuisance is removed in compliance with the terms of this schedule, the City may prosecute the owner for such failure or neglect and may, in addition to such prosecution or as an alternative thereto, proceed with the removal of such nuisance and assess the costs thereof against that property owner. (Ord. 1016, J. 4, p. 1016, passed 9/23/57; Ord. 26-67, passed 6/26/67; Ord. 14-69, J. 7, p. 314, passed 3/10/69; Ord. 56-71, J. 8, p. 430, passed 11/22/71; Ord. 18-98, J. 24, p. 498-502, 2/23/98; **Ord. 71-09, J. 35, p. 255-279, passed 12/14/09)**

exhibit #1 p. 2

Sec. 94.120  Reserved
(Ord. 1016, J. 4, p. 1016, passed 9/23/56; Ord. 26-67, passed 6/26/67; **Repealed and Reserved by Ord. 71-09, J. 35, p. 255-279, passed 12/14/09)**

Sec. 94.125  Duty of owner to remove diseased, infected or infested tree.
 Upon receipt of notice as prescribed in Section 94.115 of this Chapter, it shall thereupon become the duty of the owner of said premises to cause such tree or breeding place to be removed and destroyed in accordance with and under the direction and the supervision of the City Manager or his or her representative.  If the City shall remove and destroy any tree or breeding place, all expenses incurred in connection therewith shall be assessed against the property owner.  Upon written application from any property owner whose total household income is not more than the Low Income figures as established in the Income Eligibility Rates published by HUD effective July 1, 1979, as verified by the previous year's tax return, the City Manager will cause such diseased tree to be removed by the City upon payment by the property owner in the amount set forth in the Annual Fee Resolution.  (Ord. 51-79, J. 14, p. 0824, passed 11/12/79; Ord. 42-01, J. 27, p. 178-181, passed 7/9/01, Ord. 35-03, J. 29, p. 134, passed 5/27/03; **Ord. 71-09, J. 35, p. 255-279, passed 12/14/09)**

Sec. 94.130  Diseased, infected, or infested trees on City property.
 Diseased, infected, or infested trees on City owned property shall be removed at the expense of the City.  (Ord. 1016, J. 4, p. 1016, passed 9/23/57; **Ord. 71-09, J. 35, p. 255-279, passed 12/14/09)**

Sec. 94.135  Short title.
 Sections 94.100 through 94.135 shall be in full force and effect from and after its passage, approval, recordation, and publication, as provided by law, and shall be known, referred to and recited as "The Highland Park Dutch Elm Disease Ordinance of 1957." (Ord. 1016, J. 4, p. 1016, passed 9/23/57)

Sec. 94.140  Diseased, infected or infested trees other than those afflicted with Dutch Elm disease

(A) Upon recommendation of the City Forester, the City Manager may declare to be a public nuisance any species of tree that is afflicted with, or that serves or may serve as a breeding place for, a pandemic disease or pandemic insect pest.  **(Ord. 71-09, J. 35, p. 255-279, passed 12/14/09)**

(B) Notwithstanding Section 94.115(B) of this Chapter to the contrary, the owner of real property shall cause to be removed from the City any tree located on that property that has been declared to be a public nuisance pursuant to Section 94.140(A) of this Chapter, within 30 days following notification given in accordance with the provisions of Section 94.115 of this Chapter.  **(Ord. 71-09, J. 35, p. 255-279, passed 12/14/09)**

*exhibit #1. p.3*



**ILLINOIS**

**COLLEGE OF AGRICULTURAL, CONSUMER & ENVIRONMENTAL SCIENCES**

**University of Illinois Plant Clinic**
S-417 Turner Hall
1102 S. Goodwin Ave.
Urbana, IL 61801

| Sample# | 202200447 |
|---|---|
| Field ID | |
| Host | Elm (ornamental) |
| Received Date | 8/9/2022 |
| County | Lake |
| State | IL |

# DIAGNOSTIC REPORT

Submitter:

**Katarzyna Klimczuk**
**555 Hillside Dr**

**HIGHLAND PARK IL 60035**

| Phone | Fax | Email |
|---|---|---|
| 224-235-1267 | | monku94@yahoo.com |

## Diagnosis and Recommendations

| Host/Habitat | Elm (ornamental) (Ulmus sp./spp. ornamental) |
|---|---|
| *List of Diagnosis/ID(s)* | |
| Confirmed for Leaf spot (Cristulariella sp./spp.) | |
| Suspected for Cultural/environmental problem (Abiotic disorder) | |

## Final Report

The elm sample consisted of twigs, leaves, and bark. The leaves were mostly green with brown lesions. The sample was incubated and examined for pests and pathogens; none were found on the bark, and a minor amount of Cristulariella leaf spot was confirmed on the leaves.

Cristulariella is a common fungal pathogen which causes small leaf spots. This disease is not considered a threat to healthy trees and no management is recommended other than raking and removing fallen leaves in autumn, and maintaining tree vitality.

I encourage you to check the base of the tree. You should see a flare where it enters the soil. If the tree enters the ground at a 90 degree angle (like a telephone pole) then the tree was planted too deeply. You can also gently excavate around the base of the plant to see where the first root attaches; if you have to dig more than 1-2 inches below grade to find the first root, that is an indication that the tree was planted too deeply. Deep planting is a common issue which tends to cause problems 10-15 years after the tree was installed. Affected trees will start to decline and usually will eventually die. The only management for deep planting is to remove soil from around the base of the plant to expose the trunk flare (though this may leave a depression where water will collect) and try to maintain tree vitality. Heavily mulching around the base of the tree (forming a mulch volcano) can also cause problems.

Also look for girdling roots (roots that are wrapped around the base of the plant). Deep planting encourages girdling roots, as does heavy clay soil, container-bound plants, and anything that constricts the roots (such as burlap or wire cages left around the roots when the plant was installed). Consider if there has been recent

| University of Illinois Plant Clinic | Diagnosed By : |
|---|---|
| 1102 S. Goodwin Ave. | Diane Plewa (dplewa@illinois.edu) |
| S-417 Turner Hall | Completed Date: 11/29/2022 |
| Urbana IL 61801 | |
| Telephone : (217) 333-0519 | |

Sample# 202200447

Exhibit 2. p.1

# City of Highland Park

Public Works Department

1150 Half Day Rd.
Highland Park, Illinois 60035
847.432.0807
cityhpil.com

**June 26, 2023**

**Mariusz Klmczuk**
**555 Hillside Dr**
**Highland Park, IL 60035**

RE: Dutch Elm Disease tree at **555 Hillside Dr**

Dear Property Owner:

One of the responsibilities of the Forestry Section is the containment of **Dutch Elm Disease** within the City of Highland Park. The primary means of combating this problem is the prompt identification and immediate removal of infected trees. In our most recent survey we observed **one diseased Elm trees** on your property, identified with **orange paint and tag #153** located **in the rear part of your property.**

According to City Ordinance, property owners must complete the tree removal to a low stump **within thirty (30) days** of receiving official notice of diseased American Elms. Failure to bring your property into compliance within the allotted time will result in a code violation notification issued to you, requiring your appearance at an administrative hearing where you could be fined for failure to comply with city ordinance.

Although numerous researchers are exploring solutions for Dutch Elm Disease, no cure is currently available. With your cooperation in removing diseased trees in a timely manner, our hope is to preserve remaining American Elms in our city. If you have any questions or have already made arrangements to have the tree removed please feel free to call or email the Forestry Section at **(847) 926-1149** or **aidden.tapia@cityhpil.com**

A list of commercial tree services specializing in the maintenance or removal of trees can be found under the licensed landscapers tab under the city's website.

By receiving this letter, you are authorized to remove the trees listed above. No additional permit is necessary for removal.

Sincerely,

*Aidden Tapia*

Aidden Tapia
Seasonal Forester

Attachment
**Certified Mail No. 7022 1670 0001 4704 3046**

7/30/22 (7/27/22)
9/17/23 + prior





exhibit #3, p1.

## FINAL NOTIFICATION

September 13th , 2023

Mariusz Klmcsuk
555 Hillside Dr
Highland Park, IL 60035

RE: Ordinance Violation City Code Sec. 94.100 at **555 Hillside Dr**

Dear Mariusz:

One of the responsibilities of the Forestry Division is the containment of Dutch Elm Disease within the City of Highland Park. The principle means of combating this problem is the prompt identification and immediate removal of infected trees. In our most recent survey, we observed **one diseased American Elm that is identified with orange paint and tag #153 located in the backyard.**

You have received previous notice from us concerning this **Dutch Elm diseased tree before.** In our most recent survey, we observed that the violation had still not been corrected.

At this point we have no alternative but to proceed with addressing the problem ourselves. If the tree(s) is not removed within the next **ten (10) days,** a private contractor under the direction of the City Forester will be removing the Dutch Elm diseased tree(s) on your property. By Ordinance, **all costs incurred during this operation must be charged back to you.**

Failure to bring your property into compliance within the allotted time results in a code violation notification issued to you, **requiring your appearance at an administrative hearing where you may be fined for failure to comply with city ordinance.** If you have already made arrangements for the tree(s) to be removed, please contact us as soon as possible. You are welcome to call the Forestry Division at **(847) 926-1149** or email at **aidden.tapia@cityhpil.com** with any questions or concerns that you may have.

Sincerely,

*Aidden Tapia*

Aidden Tapia
Seasonal Forester

2024MR00000531

8

Exhibit #3. p. 2

October 3, 2023

Mariusz and Katarzyna Klimczuk
555 Hillside Dr,
Highland Park, Il 60035

## Notice

To the man Aidden Tapia who at times act as Highland Park city Forester.

I, a woman, Katarzyna Klimczuk, an owner of a property located at 555 Hillside Dr. in Highland Park, am reiterating my request that you, or anyone authorized by you, do not enter my property at any point or time without proper scientific proof that supports your order to kill my tree that is part of my being. The Fourth Amendment to the US Constitution guarantees that "the right of the people to be secure in their persons, houses, ...shall not be violated". I also ask that you stop your harassing statements and correspondence towards I and my property. Your disrespect of my, a property owner rights is causing me harm in form of intimidation, loss of property and significant stress.

In my previous notice dated 09/23/23 I requested that you provide I with the proof that the tree on my property that I claim as my property, and that you "observed to be infected" is causing anybody or the environment harm. I also requested that you provide proof and evidence supporting your claims that cutting my tree is necessary in the "containment of Dutch Elm Disease" in the area. You did not provide I with any of the requested evidence but instead left another notification taped onto the front door of my house, in which you demanded again that I "immediately remove the infected tree".

Without the proper scientific proof and evidence that my tree on my property causes harm to others and the environment I am unable to comply with your order due to my conscientious objection. I notified you previously that I, a property owner, intended to treat this tree because only one branch is affected, and the remaining of the tree is green and alive. I am choosing to do this because deeply in my heart, guided by my conscientious and religious views, I believe that every tree is an alive being with a soul, a God's creation that is placed on Earth to co-exist and support us, and as every other being it has the right to be sick. I believe that cutting the tree that is alive, green, and vital is equivalent to committing a murder. This unfortunately I cannot do or allow anyone to do by my authorization without the proper proof of the tree causing harm to others. Your general, unsupported, and disrespectful demands towards my property is not enough for I to violate my ethical guidance.

I ask that you respect my conscientious views and exempt my property from your requirements. Once again, by this Notice, if you, or anyone authorized by you, choose to enter a property of I for any reason without my permission or knowledge, I will consider this a trespass upon my property, and therefore you agree to pay I, Katarzyna Klimczuk, the amount of $ 200 000.00 (two hundred thousand dollars) as compensation for such undertaking.

by Katarzyna Klimczuk

Exhibit # 4. P.1

**Klimczuk, Katarzyna**

| | |
|---|---|
| **From:** | Katarzyna Klimczuk <monku94@yahoo.com> |
| **Sent:** | Tuesday, November 4, 2025 11:29 AM |
| **To:** | Klimczuk, Katarzyna |
| **Subject:** | [EXTERNAL] Fwd: notice HP |
| **Attachments:** | HP Notice 2024.docx |

Sent from my iPhone

Begin forwarded message:

**From:** Katarzyna Klimczuk <monku94@yahoo.com>
**Date:** July 29, 2024 at 9:56:23 AM CDT
**To:** "Miller, Ben" <bmiller@cityhpil.com>
**Subject: Re: notice HP**

Hello Mr. Miller,

please find attached,

On Thursday, July 25, 2024 at 02:03:43 PM CDT, Miller, Ben <bmiller@cityhpil.com> wrote:


Good Afternoon Katarzyna,

I wanted to follow up on our notice, sent in 2023, of a tree infested with Dutch Elm Disease at 555 Hillside Dr. Forestry staff will be conducting a follow-up inspection of the tree, as discussed this past winter.


At this time, do you have a timeline on having the tree removed?


Thank you,

Ben



**Ben Miller**
City Forester

1

*exhibit #5, p.1*

 City of Highland Park

**City of Highland Park**
1150 Half Day Road
Highland Park, Illinois 60035

847.926.1179 Direct
847.432.0807 Main

bmiller@cityhpil.com
cityhpil.com/forestry





*Effective February 3, 2020 all new submittals received on or after this date must comply with new adopted building codes. Codes can be viewed at:*
*https://www.cityhpil.com/government/city_departments/community_development/building/index.php*

**From:** Katarzyna Klimczuk <monku94@yahoo.com>
**Sent:** Thursday, October 5, 2023 11:46 PM
**To:** Tapia, Aidden <aidden.tapia@cityhpil.com>
**Cc:** Miller, Ben <bmiller@cityhpil.com>; Neukirch, Ghida <gneukirch@cityhpil.com>
**Subject:** Fw: notice HP

*[EXTERNAL EMAIL]*

Hello,
please find attached,

Thank you





 City of Highland Park

2

exhibit #5 p.2

July,28, 2024

Mariusz and Katarzyna Klimczuk
555 Hillside Dr,
Highland Park, Il 60035

Notice

Hello Mr. Miller,

This notice is my response to your email that I received on 7/25/24. I appreciate that you respected my privacy at my property located at 555 Hillside Dr. in Highland Park. and chose to notify me about the upcoming inspection of the tree located on my property.

In my last notice dated 10/03/23 I notified you that I am unable to comply with your order regarding removing/ or cutting the tree due to my religious objection and requested that you exempt my property from your requirement. I stated that for as long as this tree shows signs of living I am unable to kill it in order to comply with your order, unless you provide me with the evidence that the tree on my property, which I consider my property, is causing harm to anyone, as well the evidence that cutting the tree is the only and appropriate action to do to stop the harm. I have not received any of the requested evidence from you as of today, including the evidence that my tree is infected after when you rejected the lab report that I sent to you.

I treated the tree last fall (because the treatment is given as an option by tree professionals) and it produced green leaves in the spring on the less affected branch. I consider this the evidence that the tree is trying to stay alive, and I respect it deeply in my heart. I intend to repeat the treatment this fall and again in the spring, depending on how the tree will respond. Again, I am choosing to do this because I deeply believe that every tree is an alive being with a soul, a God's creation given to co-exist with us, and as every other being it has the right to be sick. I do not perceive the tree in sickness as a damaged object in need of destruction or removal, but rather as an beloved being in need of care. I notified you last time that for as long as this tree shows signs of aliveness, I am unable to kill it or allow anyone to do by my or anyone else authorization, unless you provide me with the proper proof that my tree is causing harm to others. Therefore, I request once again that you respect my conscientious views and exempt my property from your requirements.

The First Amendment to the US constitution clearly states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof... "

The Fourth Amendment to the US Constitution guarantees that "the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated..".

Exhibit#6. 1 P. 1

By this notice, I request that you, or anyone authorized by you do not enter my property without my permission and knowledge. therefore if you, or anyone authorized by you, choose to enter a property of I for any reason, or will remove any object that I consider my property from my property, I will consider this a trespass upon my property, and therefore you agree to pay I, Katarzyna Klimczuk, the amount of $ 200 000.00 (two hundred thousand dollars) as compensation for such undertaking.

by Katarzyna Klimczuk

*exhibit #6, p.2*

From: "Miller, Ben" <bmiller@cityhpil.com>
Date: July 29, 2024 at 11:12:54 AM CDT
To: Katarzyna Kilmczuk <monku94@yahoo.com>
Subject: RE: notice HP

Good Morning Katarzyna,

Much like speed limits, there are certain rules (not outlined under the constitution) that residents are required to abide by. In Highland Park, this includes our tree preservation ordinance. As we have discussed previously, this ordinance aims to protect trees by ensuring that breeding grounds for the cause of Dutch Elm Disease, are not left standing. At this point, we are witnessing adjoining trees (American Elms, which are most susceptible) succumbing to Dutch Elm too; as they are starting to defoliate as well in the vicinity.

Your tree has followed the progression of this disease to the letter. Last year she was completely dead within one lead of the tree. This year, the disease progressed to the trunk mid-summer and lost the entire canopy. At this point, the tree has mostly defoliated; with exception of a few remaining shoots on the trunk. This tells me the vascular tissue of the entire tree is festering with the fungal pathogen that causes Dutch Elm Disease.

Unfortunately proper treatment for Dutch Elm Disease is done BEFORE the tree contracts the pathogen. If you treated last fall, it was already 2 years into the infection, at least. There is no road to recovery for this tree; only the strong probability that it will facilitate the infestation of other healthy trees.

As discussed, the City will be issuing a citation for failure to mitigate the nuisance caused by this elm remaining infested with Dutch Elm Disease. Please let me know if you have any further questions.

Thank you,

Ben

Ben Miller
City Forester

exhibit#7. p.1



**CITY OF HIGHLAND PARK**
**ADMINISTRATIVE HEARING SYSTEM**
**NOTICE AND INSTRUCTIONS**

August 6, 2024

KATARZYNA KLIMCZUK
555 HILLSIDE DR
HIGHLAND PARK, IL 60035

Ticket #: HP119529
Property Address: 555 HILLSIDE DR
Date & Time of Violation: July 29, 2024 9:00 AM
Officer: Ben Miller
Violation: 94.125 - Failure to Remove Diseased, Infected or
Infested Tree
Range of Fine: $50.00-$1,000.00

**Hearing Session:**
**09/19/2024 1:30 PM**

This Notice is to remind you that an Administrative Hearing is scheduled to take place before the City of Highland Park Administrative Hearing Officer either by mail or Zoom on the date and time listed under the section titled **"Hearing Session"** above concerning the violation described above. We would like you to be aware of the following rules and procedures that govern the Highland Park Administrative Hearing System:

- Your case will be heard by an Administrative Hearing Officer and you will have an opportunity to contest the Violation Notice either by contesting via mail or by Zoom.

- If you choose to contest by Zoom, please be prepared to attend the hearing at least 10 minutes prior to the scheduled Zoom hearing time.

- The strict rules of evidence that are customarily followed in a formal courtroom will not apply at this hearing.

- While legal counsel is generally not necessary at an Administrative Hearing, you do have the right to retain your own counsel and have him or her appear on the Zoom call on your behalf.

- If you have an impairment that requires special accommodation by the City, please contact the Code Enforcement Administrator and indicate your needs and we will make every effort to accommodate them.

- If, **for good and significant cause**, you are unable to attend the hearing on the scheduled hearing date, please contact the Deputy City Clerk at the telephone number or at the e-mail address listed on the next page to request a continuance.

*This request must be made and received by the Deputy City Clerk at least five business days prior to the date of the scheduled hearing date. If the request is not made within 5 business days of the hearing, the hearing will continue in your absence and a Failure to Appear Judgment will be entered against you.*

exhibit #8. p 1.

# City of Highland Park

Dear Respondent,

This letter concerns the pending citation(s) against you before the administrative hearing officer of the City of Highland Park. The City of Highland Park **will not be conducting in-person hearings**. The City Clerk's Office is pleased to offer you the opportunity to discuss or contest your administrative hearing citation(s) remotely via mail, e-mail, or video. You may elect to discuss or contest the citation(s) via: Mail/ Email or Video Hearing.

Attached you will find the *Virtual Administrative Hearing Form*. Please read and fill out the form in its entirety and return to the City of Highland Park, 1707 St. Johns Avenue, Highland Park, IL 60035 Attn: Hearing Officer or via email at mcherry@cityhpil.com no later than September 3, 2024 at 5PM.

**Next steps:**

1. Fill out the contact and citation information in the form
2. Select how you would like to proceed with your citation (either by mail or via Zoom)
3. Provide a brief description of the reason(s) you are pleading liable or not liable if you are requesting to have your citation reviewed via mail or email
4. Enclose with this form any written evidence you wish the hearing officer to consider in adjudicating the citation(s)
5. Sign and Print your name once you have read the acknowledgment
6. Return your response by Mail or Email no later than September 3, 2024 at 5PM.

If you have elected to participate via Zoom conference call, we will contact you based on the contact information provided in your request form and let you know your exact appointment time. Please expect your hearing time to take place around the same time as listed on your original citation or compliance notification. If you have elected to proceed having your citation heard by mail, you will be mailed a copy of your final disposition after the hearing has taken place on your scheduled hearing date. Lastly, if you are found liable for the citation(s) and fines are imposed, you will be required to remit payment within 30 days of the hearing; all payment information will be included within the order that will be provided to you after the hearing has taken place.

*Failure to respond to either of the request options may result in default liability and the maximum fine(s) imposed.*

Should you have any questions concerning your citation, the conducting of hearings as described in this letter, or any other hearing-related matters, you may contact the City Clerk's office at 847-926-1045 or at mcherry@cityhpil.com.

Thank you,

Megan Cherry

Administrative Specialist

Exhibit #8, p2

HEARING OFFICER'S COPY

**VIOLATION NOTICE:** CITY OF HIGHLAND PARK, ILLINOIS ADMINISTRATIVE HEARING SYSTEM, CITY CODE, CHAPTER 38. THIS VIOLATION NOTICE IS ISSUED IN THE NAME OF THE CITY OF HIGHLAND PARK, ILLINOIS, BY THE UNDERSIGNED CODE OFFICER AND AGAINST THE DEFENDANT NAMED BELOW, FOR THE REASONS STATED BELOW.

DEFENDANT (LAST) Blanczuk  (FIRST) Katarzyna  (M)  (DOB)

ADDRESS, SUITE / APT # 555 Hillside Dr  (HIGHLAND PARK, IL ZIP 60035)

DRIVERS LICENSE NO.  PHONE NUMBER

ON (DAY OF WEEK) Monday  MONTH July  DAY 29  YEAR 2024  APPROX. 9am  A.M. IN THE CITY OF HIGHLAND PARK PARK, COUNTY OF LAKE, AND STATE OF ILLINOIS

LOCATION OF VIOLATION (IF ADDRESS) 555 Hillside Dr  SITUATED WITHIN THE CORPORATE LIMITS OF THE CITY OF HIGHLAND PARK, ILLINOIS

NATURE OF VIOLATION Failure to remove infested tree  CODE AND SECTION 94.125

FURTHER DESCRIPTION OF VIOLATION (IF APPLICABLE) tree infested with Dutch Elm Disease.

Failure to remove tree on ~~property~~ August 8, 2022.

First noticed on ~~day~~ July 19, 2024.

SIGNATURE OF CODE OFFICER Forestry

DEPARTMENT Forestry

THE CODE OFFICER STATES THAT HE / SHE HAS JUST AND REASONABLE GROUNDS TO BELIEVE AND DOES BELIEVE THAT THE DEFENDANT COMMITTED THE VIOLATION STATED ABOVE AND THAT A COPY OF THIS VIOLATION NOTICE WAS: ☐ SERVED ON THE DEFENDANT, ☐ SERVED BY CERTIFIED MAIL, ☐ POSTED ON THE PROPERTY, OR ☐ SERVED BY LEAVING A COPY WITH THE DEFENDANT'S AGENT OR EMPLOYEE,

AT _____ ON _____ DAY

OF _____ YEAR _____ AT _____ A.M./P.M.

---

COMPLAINT NO.

**HP 118522**

WARNING: FAILURE TO APPEAR AT A SCHEDULED HEARING MAY RESULT IN A DETERMINATION OF LIABILITY AND A CIVIL JUDGEMENT ENTERED AGAINST YOU.

☒ APPEARANCE REQUIRED AT ADMINISTRATIVE HEARING

MONTH Aug  DATE 19  YEAR 2024  TIME 1:30pm

HELD AT HIGHLAND PARK CITY HALL
1707 ST. JOHNS AVENUE
HIGHLAND PARK, ILLINOIS 60035

BUSINESS NAME: _____

ADDRESS: _____

PHONE: _____

OFFICER / INSPECTOR _____

STAR # AND DEPT. _____

1

2024MR00000531

*exhibit #8, p.3*

**City of Highland Park**

# Virtual Administrative Hearing Proceedings Form

The City must receive a response from you as to how you would like to continue with hearing your case by September 3, 2024. Please fill out the form in its entirety. **There will NOT be in person hearings.**

Citation(s) # __HP 110529__ ;

Respondents' Name and Address: __KATARZYNA KLIMCZUK__
__555 HILLSIDE DR, HIGHLAND PARK, IL 60035__
Phone: __224 235 1267__ Email: __monku_94@yahoo.com__

The City is providing the opportunity to proceed with administrative hearing citations remotely via mail or video. The respondent requests to continue with the citation(s) listed above via (**select one**):

☐ Mail. ☒ Video hearing.

You may enclose with this form any written evidence you wish the hearing officer to consider in adjudicating the citation(s), such as written statements, photographs, emails, diagrams, receipts, or other documents; you <u>MUST</u> submit your written evidence by email at the address below. If you are proceeding by video hearing you may also provide testimony during the video hearing. Please provide below a brief description of the reason(s) you are pleading liable or not liable:

__Please see attached:__

**The undersigned acknowledges and agrees that they are authorized to execute this request on behalf of the respondent(s) and that the respondent(s) are affirmatively waiving their in-person appearance before the hearing officer by submitting this form. The undersigned acknowledges and agrees that after considering all relevant evidence the hearing officer will make a binding final determination as to liability on the citation(s), including the amount of any applicable fines and penalties if found liable, and the respondent affirmatively consents to the adjudication of these citations without further in-person hearing.**

Signature: __Katarzyna Klimczuk__
Date: __09|03|24__
Print Name: __KATARZYNA KLIMCZUK__
Relationship to Respondent: __SELF__
Address (if different from above): __N/A__

This completed form <u>MUST</u> be received by mail or email no later than September 3, 2024 at 5PM.

| By Mail: | By Email: |
|---|---|
| City of Highland Park<br>Administrative Hearing Officer<br>1707 St. Johns Ave.<br>Highland Park, IL 60035 | mcherry@cityhpil.com |

Notice of determination of the Hearing Officer will be mailed to you at the address you provided above. If found liable, you will be responsible to remit the applicable fine and $50 administrative fee, if applicable, within 30 days of receiving the notice of determination.

For questions, please contact the Administrative Specialist, Megan Cherry, at **mcherry@cityhpil.com or 847.926.1045.**

exhibit #9. p.1

Reg. the violation 94.125: Failure to remove diseased, infected or infested tree.

I am pleading : not liable

I did not fail to remove the subject tree, this is Mr. Miller's perception. In my perception I, the property owner, made a conscious choice to treat my tree because I believe by my religious views that all trees are alive beings, creations of God, and for as long as my tree is still alive and produces green leaves I cannot kill it. I promptly notified Mr. Miller about my conscious objection to his requirement of cutting my tree, and requested, as the property owner, to be exempted from this requirement for the duration of the treatment or until my tree no longer shows signs of being alive. [evid.#1] I believe that I asked for nothing more that is already guaranteed to me, the property owner, by the US Constitution, of which The First Amendment assures that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof..."

At the same time, however, I also informed Mr Miller, (by my respect to the effort of the city ordinance to regulate , prohibit, or abate acts or conditions detrimental to the health of its citizens), that the sample that I collected from my tree with the guidance of the lab at my expense was negative [evid.#2] and if he provides me with a proof supported by evidence that my tree causes harm to others I will work with him and will cut my tree. As of today I not only did not receive any evidence about my tree being harm to others, or the evidence that cutting/removing infected trees (that is being performed in city of HP since 1968) has been proper and effective action in prevention of the spread of the disease, but I continue to receive unwelcome comments about my tree on my property, including this notice of violation.[evid. #3]

I deeply believe that I am making every effort to be in compliance with the city, with the law, with the safety of the others, and with my conscious.

Thank you

*Ccstovanjna Clivit*

\* *I will submit evid. #2 at later time.*

*exhibit #9, p.2*

**Klimczuk, Katarzyna**

| | |
|---|---|
| **From:** | Katarzyna Klimczuk <monku94@yahoo.com> |
| **Sent:** | Friday, November 29, 2024 2:01 PM |
| **To:** | Klimczuk, Katarzyna |
| **Subject:** | [EXTERNAL] Fwd: Virtual Administrative Hearing Processing Form |

Sent from my iPhone

Begin forwarded message:

> **From:** Katarzyna Klimczuk <monku94@yahoo.com>
> **Date:** September 4, 2024 at 15:55:41 GMT+2
> **To:** "Cherry, Megan" <mcherry@cityhpil.com>
> **Subject: Re: Virtual Administrative Hearing Processing Form**
>
> Good morning,
>
> Thank you for letting me know, I was not aware, and I appreciate your notice. Unfortunately I am away from home and was unable to submit this document in a timely manner. Thank you again.
> Have a nice day
>
> Sent from my iPhone
>
>> On Sep 3, 2024, at 8:02 AM, Cherry, Megan <mcherry@cityhpil.com> wrote:
>>
>> Good morning,
>>
>> I am in receipt of your Virtual Proceedings Form and supporting documents. Thank you for sending.
>>
>> In your supporting documents, you stated that there would be further supporting documents submitted at a later date. Please note that the deadline for submitting all supporting documents is today, **September 3 at 5 PM**. Please send any additional documents you may have to me before 5 PM today.
>>
>> Thank you,
>>
>> Megan Cherry
>> Administrative Program Specialist
>>
>> City of Highland Park

1


Exhibit #9. p. 3

1707 St Johns Avenue
Highland Park, Illinois 60035

847.926.1045 phone
847.432.7625 fax

mcherry@cityhpil.com
cityhpil.com



**From:** Katarzyna Klimczuk <monku94@yahoo.com>
**Sent:** Tuesday, September 3, 2024 7:02 AM
**To:** Cherry, Megan <mcherry@cityhpil.com>
**Subject:** Virtual Administrative Hearing Processing Form

*[EXTERNAL EMAIL]*

2

*exhibit #9, P.4*

October 3, 2023

Mariusz and Katarzyna Klimczuk
555 Hillside Dr,
Highland Park, Il 60035

## Notice

Hello Mr. Miller,

I appreciate that you respect my privacy at my property located at 555 Hillside Dr. in Highland Park, am reiterating my request that you, or anyone authorized by you, do not enter my property at any point or time without proper scientific proof that supports your order to kill my tree that is part of my being. The Fourth Amendment to the US Constitution guarantees that "the right of the people to be secure in their persons, houses, ...shall not be violated". I also ask that you stop your harassing statements and correspondence towards I and my property. Your disrespect of my, a property owner rights is causing me harm in form of intimidation, loss of property and significant stress.

In my previous notice dated 09/23/23 I requested that you provide I with the proof that the tree on my property that I claim as my property, and that you "observed to be infected" is causing anybody or the environment harm. I also requested that you provide proof and evidence supporting your claims that cutting my tree is necessary in the "containment of Dutch Elm Disease" in the area. You did not provide I with any of the requested evidence but instead left another notification taped onto the front door of my house, in which you demanded again that I "immediately remove the infected tree".

Without the proper scientific proof and evidence that my tree on my property causes harm to others and the environment I am unable to comply with your order due to my conscientious objection. I notified you previously that I, a property owner, intended to treat this tree because only one branch is affected, and the remaining of the tree is green and alive. I am choosing to do this because deeply in my heart, guided by my conscientious and religious views, I believe that every tree is an alive being with a soul, a God's creation that is placed on Earth to co-exist and support us, and as every other being it has the right to be sick. I believe that cutting the tree that is alive, green, and vital is equivalent to committing a murder. This unfortunately I cannot do or allow anyone to do by my authorization without the proper proof of the tree causing harm to others. Your general, unsupported, and disrespectful demands towards my property is not enough for I to violate my ethical guidance.

I ask that you respect my conscientious views and exempt my property from your requirements. Once again, by this Notice, if you, or anyone authorized by you, choose to enter a property of I for any reason without my permission or knowledge, I will consider this a trespass upon my property, and therefore you agree to pay I, Katarzyna Klimczuk, the amount of $ 200 000.00 (two hundred thousand dollars) as compensation for such undertaking.

by Katarzyna Klimczuk

exhibit#9, p.4

July,28, 2024

Mariusz and Katarzyna Klimczuk
555 Hillside Dr,
Highland Park, Il 60035

Notice

Hello Mr. Miller,

This notice is my response to your email that I received on 7/25/24. I appreciate that you respected my privacy at my property located at 555 Hillside Dr. in Highland Park. and chose to notify me about the upcoming inspection of the tree located on my property.

In my last notice dated 10/03/23 I notified you that I am unable to comply with your order regarding removing/ or cutting the tree due to my religious objection and requested that you exempt my property from your requirement. I stated that for as long as this tree shows signs of living I am unable to kill it in order to comply with your order, unless you provide me with the evidence that the tree on my property, which I consider my property, is causing harm to anyone, as well the evidence that cutting the tree is the only and appropriate action to do to stop the harm. I have not received any of the requested evidence from you as of today, including the evidence that my tree is infected after when you rejected the lab report that I sent to you.

I treated the tree last fall (because the treatment is given as an option by tree professionals) and it produced green leaves in the spring on the less affected branch. I consider this the evidence that the tree is trying to stay alive, and I respect it deeply in my heart. I intend to repeat the treatment this fall and again in the spring, depending on how the tree will respond. Again, I am choosing to do this because I deeply believe that every tree is an alive being with a soul, a God's creation given to co-exist with us, and as every other being it has the right to be sick. I do not perceive the tree in sickness as a damaged object in need of destruction or removal, but rather as an beloved being in need of care. I notified you last time that for as long as this tree shows signs of aliveness, I am unable to kill it or allow anyone to do by my or anyone else authorization, unless you provide me with the proper proof that my tree is causing harm to others. Therefore, I request once again that you respect my conscientious views and exempt my property from your requirements.

The First Amendment to the US constitution clearly states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof... "
The Fourth Amendment to the US Constitution guarantees that "the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated..".

By this notice, I request that you, or anyone authorized by you do not enter my property without my permission and knowledge. therefore if you, or anyone authorized by you, choose to enter a property of I for any reason, or will remove any object that I consider my property from my property, I will consider this a trespass upon my property, and therefore you agree to pay I, Katarzyna Klimczuk, the amount of $ 200 000.00 (two hundred thousand dollars) as compensation for such undertaking.

by Katarzyna Klimczuk

*exhibit #9. p.5*

From: "Miller, Ben" <bmiller@cityhpil.com>
Date: July 29, 2024 at 11:12:54 AM CDT
To: Katarzyna Klimczuk <monku94@yahoo.com>
Subject: RE: notice HP

Good Morning Katarzyna,

Much like speed limits, there are certain rules (not outlined under the constitution) that residents are required to abide by. In Highland Park, this includes our tree preservation ordinance. As we have discussed previously, this ordinance aims to protect trees by ensuring that breeding grounds for the cause of Dutch Elm Disease, are not left standing. At this point, we are witnessing adjoining trees (American Elms, which are most susceptible) succumbing to Dutch Elm Disease too; as they are starting to defoliate as well in the vicinity.

Your tree has followed the progression of this disease to the letter. Last year she was completely dead within one lead of the tree. This year, the disease progressed to the trunk mid-summer and lost the entire canopy. At this point, the tree has mostly defoliated; with exception of a few remaining shoots on the trunk. This tells me the vascular tissue of the entire tree is festering with the fungal pathogen that causes Dutch Elm Disease.

Unfortunately proper treatment for Dutch Elm Disease is done BEFORE the tree contracts the pathogen. If you treated last fall, it was already 2 years into the infection, at least. There is no road to recovery for this tree; only the strong probability that it will facilitate the infestation of other healthy trees.

As discussed, the City will be issuing a citation for failure to mitigate the nuisance caused by this elm remaining infested with Dutch Elm Disease. Please let me know if you have any further questions.

Thank you,

Ben


Ben Miller
City Forester

*exhibit #9, P6*



## Planet Depos®
We Make It Happen™

# Transcript of Administrative Hearing HP-119529 Excerpt

**Date:** September 19, 2024
**Case:** Transcription Services

**Planet Depos**
**Phone:** 888.433.3767 | **Email:** transcripts@planetdepos.com
**www.planetdepos.com**
Michigan #8598 | Nevada #089F | New Mexico #566

WORLDWIDE COURT REPORTING & LITIGATION TECHNOLOGY

2024MR00000531

Exhibit #10, p.1

13

```
 1    entire tree defoliate.

 2         Q    And what makes you believe that the

 3    test was not conducted correctly?

 4         A    Both in the description that was

 5    submitted to Forestry of the test as the results

 6    of that test submitted to the plant clinic, as

 7    well as my conversations with the respondent.

 8         Q    And, specifically, what was it that

 9    caused you to think that it wasn't -- that the

10    test wasn't conducted at an -- at a location

11    where Dutch elm would be positively identified?

12         A    At the time, it would have had to be

13    sampled in the crown of the tree, meaning a

14    climber would have had to get up into the tree

15    and take a sample.

16              My understanding is the sample was

17    taken from the ground, which would have not

18    reached that nexus that I was speaking of

19    previously.

20         Q    And did you have occasion to visit

21    the property?

22         A    Numerous times, yes.
```

2024MR00000531

exhibit#10, p.2

28

Transcript of Administrative Hearing HP-119529 Excerpt
Conducted on September 19, 2024                              16

```
 1        Q    And did you take pictures at any --
 2   any time during your visits?
 3        A    Yes.
 4        Q    I'm showing you what's been marked
 5   City's Group Exhibit A.
 6             (Whereupon, City Group Exhibit A was
 7   identified.)
 8   BY MR. MARTINEZ:
 9        Q    Let me know when you can see it.
10        A    Yes.
11        Q    So this is City's Group Exhibit A1,
12   A2, A3, and A4.
13             Do you know what -- can you tell us
14   what these are?
15        A    So this is a --
16        Q    Well, let me -- let me rephrase.
17             Are these photographs?
18        A    Yes.
19        Q    And do these photographs depict the
20   status of the property and the tree in question
21   on -- truly and accurately?
22        A    Yes.
```

2024MR00000531

exhibit#10, P.3

```
 1        Q     And going to this --
 2              HEARING OFFICER:  On what page,
 3   Mr. Martinez?
 4   BY MR. MARTINEZ:
 5        Q     Did you take these photos all on the
 6   same date?
 7        A     No.
 8        Q     Going to this first photo, do you
 9   know when you took this photograph?
10        A     Spring of 2023, as noted in the
11   bottom right-hand corner.
12        Q     And going to the second, can you tell
13   us when this was taken?
14        A     July 2023.
15        Q     Going to Group Exhibit A3, can you
16   tell us when this photo was taken?
17        A     Also July 2023.
18        Q     Going to the fourth -- Group Exhibit
19   A4, can you tell us when this photo was taken?
20        A     Would you mind scrolling down,
21   please?  I believe it's below.  Maybe not.
22              I believe that photo was taken
```

Transcript of Administrative Hearing HP-119529 Excerpt
Conducted on September 19, 2024                                    18

```
1    September 2024.

2              MR. MARTINEZ:  City seeks to submit

3    into evidence what's been marked City's Group

4    Exhibit A.

5              HEARING OFFICER:  At this time,

6    Ms. Klimczuk, do you have any objection to the

7    photographs being entered into evidence?

8              THE RESPONDENT:  You mean,

9    Ms. Klimczuk?

10             HEARING OFFICER:  Pardon me?

11             THE RESPONDENT:  You mean me?

12   Klimczuk?

13             HEARING OFFICER:  Yes.

14             THE RESPONDENT:  Okay.  Do I have

15   objection?  No.

16             HEARING OFFICER:  To the -- okay.

17   Thank you.

18             The photographs are admitted.

19             (Whereupon, City Group Exhibit A was

20   admitted into evidence.)

21             HEARING OFFICER:  Continue with your

22   examination.
```

2024MR00000531

31

exhibit #10, p 5

Transcript of Administrative Hearing HP-119529 Excerpt
Conducted on September 19, 2024                              19

```
1              MR. MARTINEZ:   Thank you.
2   BY MR. MARTINEZ:
3       Q    Mr. Miller, can you tell us what
4   Group Exhibit A1 depicts?
5       A    It depicts the tree as it was
6   observed back in spring of 2023.
7       Q    Can you see any indication of Dutch
8   elm disease from this photograph?
9       A    Not in this photo.
10      Q    I'm showing you what's been marked
11  City's Group Exhibit A2.
12           Is there any indication -- well,
13  first of all, can you see the tree in question
14  that was on the subject property?
15      A    Yes.
16      Q    And which tree is it?
17      A    In the foreground.
18      Q    And just to be specific, is it the
19  one that's sort of highlighted as well by the
20  sunlight?
21      A    Yes.
22      Q    Do you see any indications or
```

2024MR00000531

Exhibit #10, P.6

```
 1   symptoms of Dutch elm disease for this tree?

 2       A    Yes.  So if I can direct attention to

 3   the red "box," I suppose, you'll notice there

 4   are some browning leaves in the top of that box.

 5   That is what we call "flagging" where the leaves

 6   have leafed out in the spring with adequate

 7   water supplies.  And over the summer months,

 8   they wilt and then turn brown and fall.  It's

 9   typical of Dutch elm disease.  We see it in

10   numerous trees every year.

11       Q    Is it possible that this symptom can

12   be caused by something else?

13       A    Possible.

14       Q    Is it probable?

15       A    I would not say "probable."

16       Q    And what causes you to believe that

17   it's Dutch elm disease in this case?

18       A    Based on the progression of die-back

19   of this particular tree, the species and the

20   circumstances, both in my own observations and

21   what was described by the respondent, it is, I

22   would say, prototypical Dutch elm disease.
```

2024MR00000531

exhibit #10 pt
33

1      Q    I'm showing you what's been marked

2   City's A3.  Can you tell us -- well, first, is

3   the tree in question the one in the middle with

4   the -- with the split?

5      A    Correct.

6      Q    And are there any indications of

7   Dutch elm disease in this photo?

8      A    Yes.

9      Q    Can you tell us what?

10     A    So that -- that limb that is

11  highlighted in the red oval, that was the first

12  limb that was initially observed, in 2022, to be

13  dying back and exhibiting flagging.

14          What we would expect to see with

15  Dutch elm disease is that limb to be completely

16  dead over time -- which, in this case, it is --

17  and see further down the trunk, progressively

18  more loss of canopy until you get to the trunk,

19  at which point, the entire tree dies.

20          And you can see that entire limb is

21  dead.  There is a little bit of greenery in the

22  trunk remaining and then the other limb is still

exhibit #10, p.8
34

1          MR. MILLER:  No, Your Honor.

2          HEARING OFFICER:  Thank you.

3          Okay.  I have reviewed the evidence

4    as presented and find that the City's forester

5    has made a thorough examination based upon all

6    of his criteria to become the City manager --

7    excuse me, the City forester and all of his

8    knowledge and training to make a statement as to

9    the condition of the tree, and has provided

10   adequate evidence to convince this Court that

11   the tree is suffering from Dutch elm disease.

12          The respondent indicates that she has

13   a right to protect her property and her trees.

14   And she does.  However, that right also is

15   effected by the City's right to protect other

16   trees of which Dutch elm can cause spreading and

17   interfere with not only City property but other

18   residents' property.  Therefore, the ordinance

19   is being violated.

20          Based upon that, and based upon the

21   evidence submitted by Mr. Miller, I am finding

22   the respondent liable.

exhibit #10, p 9

Transcript of Administrative Hearing HP-119529 Excerpt
Conducted on September 19, 2024                    48

```
1               I am not going to agree to a $1,000

2     per day fine.  But what I am requesting -- and

3     Mr. Miller, do you want the tree -- do you

4     suggest that the tree be removed to its stump?

5               MR. MILLER: Yes.

6               HEARING OFFICER:  And how much time

7     do you suggest that -- that to happen?

8               MR. MILLER:  I think 20 days would be

9     reasonable, Your Honor.  That should be well in

10    time for our next administrative hearing

11    session, if you so desire.

12              HEARING OFFICER:  Okay.  So the

13    finding right now is a finding of liability.

14    The amount of that fine, I'm going to reserve

15    until the next date, at which time I am

16    requesting -- because I have made the finding of

17    liability, I'm requesting compliance, which

18    means that the tree must be cut down to

19    satisfactory standards of the City.  And in

20    order to make sure that the respondent does

21    that, which is you, Ms. Klimczuk, you should

22    contact Mr. Miller to make sure that this is
```

2024MR00000531

61

exhibit #10, p.10

```
 1    done correctly.

 2            Does a permit have to be issued,

 3    Mr. Miller?

 4            MR. MILLER:  No.

 5            HEARING OFFICER:  Okay.  So what's --

 6    my next date is 10/31?

 7            MS. CHERRY:  Yes, October 31st.

 8            HEARING OFFICER:  And what time would

 9    that be?  1:30?

10            MS. CHERRY:  We can do 1:30, yes.

11            HEARING OFFICER:  At 1:30.  So at

12    that time, I want to have evidence that the tree

13    has been correctly removed, and then I will make

14    my ruling as to the amount of the fine, which

15    the minimum amount is $50, the maximum is 1,000.

16            Mr. Miller -- excuse me.

17    Mr. Martinez has requested that be on a daily

18    basis.  I said, right now, I'm not going to

19    allow that.  But after October 31st, that will

20    come back into play, which means from now until

21    October 31st, it's not going to be a daily

22    charge.  But after October 31st, if I do not see
```

exhibit #10, p11

Transcript of Administrative Hearing HP-119529 Excerpt
Conducted on September 19, 2024                    50

1   compliance, I will consider a daily charge as

2   well.

3              So thank you, and that is my ruling.

4              (Excerpt ends - 01:03:19)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

exhibit # 10 p.12

**Klimczuk, Katarzyna**

| | |
|---|---|
| **From:** | Katarzyna Klimczuk <monku94@yahoo.com> |
| **Sent:** | Friday, November 29, 2024 1:32 PM |
| **To:** | Klimczuk, Katarzyna |
| **Subject:** | [EXTERNAL] Fwd: Katarzyna Klimczuk, Statement by email |
| **Attachments:** | Katarzyna Klimczuk, statement 1.pdf |

Sent from my iPhone

Begin forwarded message:

> **From:** Katarzyna Klimczuk <monku94@yahoo.com>
> **Date:** October 15, 2024 at 22:35:52 GMT+2
> **To:** Megan Cherry <mcherry@cityhpil.com>
> **Subject: Katarzyna Klimczuk, Statement by email**
>
> Hello Ms. Cherry,
>
> Attached please find my statement.
>
> Please let me know if there is anything else that is required from me.
> Once again, thank you for all your help.
>
> Katarzyna Klimczuk

1

exhibit #11, p.1

Statement

I, Katarzyna Klimczuk, states the following to be true:

As of this day, 10/15/2024, I did not cut my tree on my property as per order that I received during the first administrative hearing on 9/18/24.

It was not my intention to be noncompliant with the order; I could not comply because of my conscientious objection, and the lack of the evidence that I requested that would justify my compliance with the ordinance against my choice.

I deeply in my heart considered cutting my tree because I want peace back in my life, I do not enjoy the situation that has been created regarding my tree, and I definitely do not enjoy repeatedly justifying my choices in how I treat my tree by following my conscience. Per my belief, by cutting my tree without my choice, just to comply with the order, I would betray not only my tree but also my soul. I strongly believe in fundamental right to life for each living being, as well the right to be sick without discrimination. The dictates of my conscience do not allow me to violate the original instructions given to me as to be a human being walking on this Earth. If I intentionally, especially through violence, would harm another sentient being it would lead to consequences in soul guilt. Because my tree produced green leaves in the spring I believe that it is still alive, and cutting it now would equal to killing it. These are my values, and my strong conviction. Because it is personal belief, I understand that it does not have to have the same meaning to any other person. I explained my position to Mr. Miller twice, and requested that he exempts my property from his requirement. At the same time I also expressed my willingness to comply with the ordinance if Mr. Miller provides me with the evidence showing that the ordinance is effective in what it says is doing, and that cutting my tree on my property is necessary because it harms others. Since I do not intend to infringe on the rights of others, such evidence would help me to justify my compliance with the ordinance. Mr. Garcia spent at least 10 min during the first hearing proving that my tree is sick. I never denied this fact, and this was not the evidence that I requested

The law is based on facts. In order for me to cut my tree against my conscience I request the evidence supporting such act and showing harm to others. The US Constitution guarantees me the right to practice my religion through the First Amendment, and the right to feel secure in my home through the Fourth Amendment. Both of these rights are violated by this ordinance.

I ask once more, in order for me to cut my tree now against my conscience please provide me with the requested evidence, or please allow my tree to get better or to die on its own.

Thank you for listening, by: katarzyna klimczuk

Exhibit # 11, p2.

**From:** Cherry, Megan <mcherry@cityhpil.com>
**Sent:** Friday, November 1, 2024 10:17 AM
**To:** Katarzyna Klimczuk <monku94@yahoo.com>
**Cc:** Miller, Ben <bmiller@cityhpil.com>
**Subject:** October Admin Hearing - Order

Good morning,

A hearing was held yesterday for your citation. Please find attached the Findings Decisions Order.

The Hearing Officer has also ordered that the City remove the tree. City Forester Ben Miller, copied on this email, will be in touch with more information regarding the removal.

Thank you,

Megan Cherry
Administrative Program Specialist

 City of Highland Park

1707 St Johns Avenue
Highland Park, Illinois 60035

847.926.1045 phone
847.432.7625 fax

mcherry@cityhpil.com
cityhpil.com
  

3

*exhibit #12, p.1*



**IN THE CITY OF HIGHLAND PARK, ILLINOIS
ADMINISTRATIVE HEARING SYSTEM**

**CITY OF HIGHLAND PARK, a Municipal Corporation -**
Plaintiff

Ticket #:HP119529

v.

KATARZYNA KLIMCZUK
555 HILLSIDE DR
HIGHLAND PARK, IL 60035

## FINDINGS, DECISIONS & ORDER

This matter has been heard pursuant to and in accordance with Section 38.001 et seq. of the Highland Park
Code, the City of Highland Park Administrative Hearing Officer being fully advised in the premises, and having
considered any and all motions, evidence, and arguments presented, **IT IS HEREBY ORDERED AS FOLLOWS:**

This Administrative Hearing Officer finds, by a preponderance of the evidence, and rules as follows:

| Violations | Finding | Fines | Administrative Costs |
|---|---|---|---|
| Failure to Remove Diseased, Infected or Infested Tree | Liable | $1,000.00 | $50.00 |

**JUDGEMENT TOTAL: $ 1,050.00**

If a fine and fee is due based on today's judgment, the fine is due on the date of this Order. Failure to pay the
judgment total within 90 days will result in your judgment being sent to collections.

If there are any outstanding violations or the need to take corrective action, the respondent is further ordered to
immediately correct those violations and outstanding corrective actions that has been provided by the Code
Enforcement Officer and Hearing Officer on or before dates that have been stated.

ENTERED: _____    <u>10/31/2024</u>
      City of Highland Park Administrative Hearing Officer    Date

**THIS ORDER MAY BE APPEALED TO THE CIRCUIT COURT OF LAKE COUNTY WITHIN 35 DAYS OF THIS ORDER**

Payments can be made online: https://www.municipalonlinepayments.com/highlandparkil

*exhibit #12., p2.*

*Effective February 3, 2020 all new submittals received on or after this date must comply with new adopted building codes. Codes can be viewed at:*
*https://www.cityhpil.com/government/city_departments/community_development/building/index.php*

**From:** Miller, Ben
**Sent:** Friday, November 1, 2024 1:07 PM
**To:** Katarzyna Klimczuk <monku94@yahoo.com>
**Cc:** Cherry, Megan <mcherry@cityhpil.com>; Kosiek, Hannah <hkosiek@cityhpil.com>
**Subject:** RE: October Admin Hearing - Order

Good Afternoon Katarzyna,

The City will be meeting a tree care contractor on **Tuesday Nov 5 at 10am at 555 Hillside Dr.** At that time, staff will discuss the pending removal the Dutch Elm Disease infested tree at 555 Hillside Dr (Tag #153). Details of the Hearing Officer's ruling may be found in the previous email, sent by Megan Cherry (Administrative Program Specialist).

Per the order of the Hearing Officer on Thursday October 31st, the City will be proceeding with the removal of the tree and be seeking the recovery of expenses from the property owner. Per Chapter 94.115, the City's costs in removing this infested tree from private property, will be added to the fines ruled on by Judge Levenfeld for failure to comply with the City ordinance (see attached).

Once the City has arranged a date for the removal of the tree, Forestry staff will provide notice via along with an estimated timeframe for the removal operation.

Please feel free to contact me with any questions on this matter.

Thank you,

Ben

**Ben Miller**
City Forester

 City of Highland Park

**City of Highland Park**
1150 Half Day Road
Highland Park, Illinois 60035

847.926.1179 Direct
847.432.0807 Main

bmiller@cityhpil.com
cityhpil.com/forestry

  

*Effective February 3, 2020 all new submittals received on or after this date must comply with new adopted building codes. Codes can be viewed at:*
*https://www.cityhpil.com/government/city_departments/community_development/building/index.php*

Exhibit #12, p.3

**Klimczuk, Katarzyna**

| | |
|---|---|
| **From:** | Katarzyna Klimczuk <monku94@yahoo.com> |
| **Sent:** | Friday, November 29, 2024 1:32 PM |
| **To:** | Klimczuk, Katarzyna |
| **Subject:** | [EXTERNAL] Fwd: October Admin Hearing - Order |

Sent from my iPhone

Begin forwarded message:

> **From:** "Miller, Ben" <bmiller@cityhpil.com>
> **Date:** November 5, 2024 at 18:29:24 GMT+1
> **To:** Katarzyna Klimczuk <monku94@yahoo.com>
> **Cc:** "Cherry, Megan" <mcherry@cityhpil.com>, "Kosiek, Hannah" <hkosiek@cityhpil.com>
> **Subject: RE: October Admin Hearing - Order**
>
> Good Morning Katarzyna,
>
> At the direction of the administrative adjudicate on Thursday October 31st, and per Section 94.115 of Highland Park City code, the City will be proceeding with the removal of the infested Elm tree at 555 Hillside Dr.
>
> Weather permitting Advanced Tree Care, a tree care contractor working on behalf of the City, will be removing the tree (marked with tag # 153) at 555 Hillside Drive on Thursday November 14th. Work will commence at 8am and is anticipated to conclude by 2pm.
>
> Please reach out with any questions on this matter,
>
> Ben
>
> **Ben Miller**
> City Forester
>
>  City of Highland Park
>
> **City of Highland Park**
> 1150 Half Day Road
> Highland Park, Illinois 60035
>
> 847.926.1179 Direct
> 847.432.0807 Main
>
> bmiller@cityhpil.com
> cityhpil.com/forestry
>   

1



**Klimczuk, Katarzyna**

| | |
|---|---|
| **From:** | Katarzyna Klimczuk <monku94@yahoo.com> |
| **Sent:** | Tuesday, November 4, 2025 11:31 AM |
| **To:** | Klimczuk, Katarzyna |
| **Subject:** | [EXTERNAL] Fwd: Notice |

Sent from my iPhone

Begin forwarded message:

**From:** monku94@yahoo.com
**Date:** November 13, 2024 at 10:57:45 AM CST
**To:** "Miller, Ben" <bmiller@cityhpil.com>
**Subject: Notice**

To the man Ben Miller,

I am notifying you that I intend to appeal the decision of the administrative meeting from 10/31/24. I have 35 days to appeal this decision, therefore without the court order the administrative meeting decision is not final. I request that you do not enter upon my property without the court order, and without my permission since your intend is to cause harm to my property as you stated in your email dated 11/05/24. I am notifying you that if you choose to enter upon my property, or authorize others to do so by your order, and cause harm to my property I will consider this a trespass upon my property, and I will charge you for it $ 200 000. I will add this to your file along with the previous two trespasses that you did in the way that you violated the law that I set upon my property in notices that I sent to you. I will press the claim agains you, a man, Ben Miller, and i will seek compensation from you for all the wrong that has been done to I as a consequence of your order. I will hold you as a man to account for your responsibilities to law.

by katarzyna klimczuk

Sent from my iPhone

On Nov 5, 2024, at 11:29 AM, Miller, Ben <bmiller@cityhpil.com> wrote:

Good Morning Katarzyna,

At the direction of the administrative adjudicate on Thursday October 31st, and per Section 94.115 of Highland Park City code, the City will be proceeding with the removal of the infested Elm tree at 555 Hillside Dr.

Weather permitting Advanced Tree Care, a tree care contractor working on behalf of the City, will be **removing the tree (marked with tag # 153) at 555 Hillside Drive on Thursday November 14th. Work will commence at 8am** and is anticipated to conclude by 2pm.

Exhibit # 14, P.1

Thank you,

Ben

**Ben Miller**
City Forester

 City of Highland Park

**City of Highland Park**
1150 Half Day Road
Highland Park, Illinois 60035

847.926.1179 Direct
847.432.0807 Main

bmiller@cityhpil.com
cityhpil.com/forestry

  

*Effective February 3, 2020 all new submittals received on or after this date must comply with new adopted building codes. Codes can be viewed at:*
*https://www.cityhpil.com/government/city_departments/community_development/building/index.php*

**From:** Katarzyna Klimczuk <monku94@yahoo.com>
**Sent:** Monday, December 2, 2024 9:07 PM
**To:** Miller, Ben <bmiller@cityhpil.com>
**Subject:** Re: October Admin Hearing-Order

*[EXTERNAL EMAIL]*

Mr. Miller,

I already notified you that I am appealing the order that was placed by administrative officer. And I asked you not to enter my property without the court warrant. No mattter what the decision was and what the ordinance says, you do need this warrant to legally enter my property and to remove anything from my property. If you do have it, then I can't stop you. Go ahead, my yard is open.
I am preparing the appeal now, and I can't help but wonder how extremely sad this whole situation is, and it is even sadder because none of this had to happen. Unfortunately, since it seems that for you it is only the warm up, I cannot stop you, and I am choosing not to resist. We all are operating from the free will, and if this is what you are choosing, you have the power,( if you have this warrant).
Lastly, I have one private question. I remember you said in the past that you too are a tree hugger. What happened with this?

Sincerely,
Kasha Klimczuk

Sent from my iPhone

2

Exhibit#14,P2

## Klimczuk, Katarzyna

| | |
|---|---|
| **From:** | Katarzyna Klimczuk <monku94@yahoo.com> |
| **Sent:** | Friday, November 29, 2024 3:50 PM |
| **To:** | Klimczuk, Katarzyna |
| **Subject:** | [EXTERNAL] Fwd: Notice |
| **Attachments:** | LPC - Klimczuk.pdf |

Sent from my iPhone

Begin forwarded message:

> **From:** Katarzyna Klimczuk <monku94@yahoo.com>
> **Date:** November 29, 2024 at 20:31:08 GMT+1
> **To:** Katarzyna Klimczuk <katarzyna.klimczuk@va.gov>
> **Subject: Fwd: Notice**

Sent from my iPhone

Begin forwarded message:

> **From:** "Miller, Ben" <bmiller@cityhpil.com>
> **Date:** November 13, 2024 at 19:11:23 GMT+1
> **To:** monku94@yahoo.com
> **Cc:** Marcus Martinez <marcus.martinez@elrodfriedman.com>, "Cherry, Megan" <mcherry@cityhpil.com>
> **Subject: RE: Notice**

Good Afternoon Katarzyna,

Your request has been received.

The 35 day window to appeal will close on December 5th, 2024. **The City will reschedule the removal for December 9th, 2024**; per the order of the administrative adjudicate on Thursday October 31st (see attached). At which time, and per <u>Section 94.115</u> of Highland Park City code, the City will be proceeding with the removal of the infested Elm tree at 555 Hillside Dr.

Weather permitting Advanced Tree Care, a tree care contractor working on behalf of the City, will be **removing the tree (marked with tag # 153) at 555 Hillside Drive on Monday December 9th. Work will commence at 8am** and is anticipated to conclude by 2pm.

Please reach out with any questions on this matter,

Ben

1

*exhibit #15, p1*

**Klimczuk, Katarzyna**

| | |
|---|---|
| **From:** | Miller, Ben <bmiller@cityhpil.com> |
| **Sent:** | Monday, December 2, 2024 9:29 AM |
| **To:** | Katarzyna Klimczuk; Klimczuk, Katarzyna |
| **Cc:** | Cherry, Megan; Kosiek, Hannah |
| **Subject:** | [EXTERNAL] RE: October Admin Hearing-Order |
| **Attachments:** | LPC - Klimczuk.pdf |

Good Morning Katarzyna,

At the direction of the administrative adjudicate on Thursday October 31st, and per <u>Section 94.115</u> of Highland Park City code, the City will be proceeding with the removal of the infested Elm tree at 555 Hillside Dr.

Weather permitting Advanced Tree Care, a tree care contractor working on behalf of the City, will be **removing the tree (marked with tag # 153) at 555 Hillside Drive on Monday December 9th. Work will commence at 8am** and is anticipated to conclude by 2pm.

Be advised, costs incurred by the City in the removal of this tree will be added to the fines levied for failure to comply with the City's tree preservation ordinance.

Please reach out with any questions on this matter,

Ben

**Ben Miller**
City Forester

 City of Highland Park

**City of Highland Park**
1150 Half Day Road
Highland Park, Illinois 60035

847.926.1179 Direct
847.432.0807 Main

<u>bmiller@cityhpil.com</u>
<u>cityhpil.com/forestry</u>
  

*Effective February 3, 2020 all new submittals received on or after this date must comply with new adopted building codes. Codes can be viewed at:*
*https://www.cityhpil.com/government/city_departments/community_development/building/index.php*

*Exhibit #15. p.2*

FILED
12/5/2024 5:09 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, COUNTY

Katarzyna Klimczuk )
)
)
Vs. )     No. _____
) 
City of Highland Park , a Municipal Corporation )
)

**2024MR00000531**

### SUMMONS IN ADMINISTRATIVE REVIEW

To the defendant:

      YOU ARE SUMMONED and required to file an answer in this case or otherwise file your appearance in the office of the clerk of this court in _18 N County Str. , Waukegan_____, Illinois
          (Address)                         (City)

within 35 days after the date of this summons.

                     WITNESS, ____12/5/2024____, 20 ____.

(Seal of Court)

                     *Erin Cartwright Weinstein* KS
Name _Katarzna Klimczuk_               (Clerk of the Circuit Court)

Attorney for _____

Address _555 Hillside Dr._____

City _Highland Park, IL 60035_____

Telephone _2242351267_____

---

### CERTIFICATE OF MAILING

      12/6/2024

      On _____, 20 _____, I sent by registered mail a copy of this summons to each defendant addressed as follows:

| Defendant | Address |
|---|---|
| the City of Highland Park, Municipal Corporation | Ashley Palbitska, City Clark, 1707 St. Johns Ave. |
| | Highland Park, IL 60035, |
| | email: apalbitska@cityhp.com |

                         Dated _12/6/2024____, 20 ____

                         *Erin Cartwright Weinstein* KS
                         (Clerk of the Circuit Court)

171-258 rev 2/02

*exhibit # 16, p. 1*

to prevent the harm that was inflicted on Plaintiff, regardless its legal duty to behave with the level of care required to help its people with resolving sensible and vulnerable issues, like in case of Plaintiff. As consequence Plaintiff suffered monetary fines and she has been threatened with the loss of her property by force, emotional distress, and ongoing lack of safety in her home.

**Wherefore**, Plaintiff, Katarzyna Klimczuk, is asking this kind Court that record be judicially reviewed and Defendant be stopped from further interventions into Plaintiff's private life and property, and the decision be reversed, and that the plaintiff be granted such other and further relief as is entitled under the law.

**Verification**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

Date: 12/05/2024

_(Petitioner)_

Prepared by:
Name: KATARZYNA KLIMCZUK Pro Se ☐
Address: 555 HILLSIDE DR.
City: HIGHLAND PARK State: IL
Phone: 224 235 1267 Zip Code: 60035
ARDC #:
E-mail address: monku94@yahoo.com

171-413 (Rev. 12/17)

exhibit#6, P.6

FILED
12/5/2024 5:09 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT

LAKE COUNTY, ILLINOIS

Katarzyna Klimczuk

555 Hillside Dr. Highland Park, IL 60035

        Plaintiff

vs.

City Of Highland Park,

1707 St Johns Ave, Highland Park IL 60035      **2024MR00000531**

        Defendant         Gen No: _____

## COMPLAINT

I, Katarzyna Klimczuk, Plaintiff, the owner of property at 555 Hillside Dr., Highland Park, Il 60035, am filing this Complaint against above-mentioned Defendant, the City of Highland Park, 1707 Saint Johns Ave. Highland Park, IL 60035 for violating my rights related to First and Fourth Amendment to US Constitution while imposing Defendant's policies and procedures.

In support I state as follows:

Facts:

1. Katarzyna Klimczuk, Plaintiff, is property owner located in Highland Park, Il.

2. In fall of 2022 I, Plaintiff, received letter from Highland Park City forester claiming that the tree on her property was infected with Dutch Elm Disease, and per Sec. 94.100 of the HP city ordinance "Trees of all species and varieties of elm or zelkova infected with the fungus Ceratostomella Ulmi are hereby declared to be a public nuisance and shall be removed from the City of Highland Park within 30 days following notification of the discovery of such infection. The Sec. 94.100 states that "the City Manager is charged with enforcement of this Chapter, and to that end may enter upon private property at all reasonable hours for purposes of inspecting trees thereon and may remove such specimens as are required for purposes of analysis to determine whether or not the same are infected". (evidence #5, p.1-3).

3. Plaintiff promptly responded and notified defendant that she collected a sample from her tree and sent it for analysis, and that she intended to treat her tree. Upon receiving the lab results few months later indicating negative Dutch Elm Disease, she shared this fact with Defendant but was told to collect another sample due to possible incorrect result, and when questioned, Defendant stated that it was too costly for the city to do it.

*exhibit # 16, p2.*

4. In fall of 2023 Plaintiff received second notification from Defendant ordering her "to remove the infected and diseased tree" from her property.

5. On October 3, 2023 Plaintiff responded with her statement sharing with Defendant that cutting the tree that is still alive is against her conscientious belief. Plaintiff requested to be exempted from the requirement of cutting the tree, but she agreed to cut the tree if Defendant provides her with the evidence that her tree is causing harm to others. Plaintiff also requested that the city do not enter her property without her knowledge and permission (evidence #3, p1,)

6. On July 25, 2024 Plaintiff received email from Defendant, Ben Miller (City Forester for City of Highland Park) notifying her about upcoming inspection of the subject tree but she was not asked for permission to enter her property (evidence #3, p2).

7. On July 28, 24 Plaintiff responded, and once again asked to be exempted from the requirement of cutting her tree because the tree produced green leaves in a spring, sign of life. Plaintiff once again agreed to cut the tree with the evidence of harm or disturbance to others, or supporting Defendant's claims that her tree is the source of the infestation. She once again asked that Defendant do not enter her property without her knowledge and permission (evidence # 3, p2)

8. On July 29, 24 plaintiff received email from Mr. Miller informing her that the city will be issuing a citation for failure to mitigate the nuisance caused by "this elm remaining infested with Dutch Elm Disease" because "there are certain rules not outlined under constitution that residents are required to abide by in Highland Park, this include our tree preservation ordinance" . (Evidence #3, p3 )

9. Around August 25, 24 Plaintiff received notification from Defendant that the Administrative Hearing was scheduled on 09/18/2024 reg. her violation of 94.125: "Failure to remove diseased, infected or infested tree",

10. On September 3, 2024 Plaintiff submitted her documentations for the hearing confirming her attendance (evidence #2, p 1, 2)

11. On September 18, 2024, during the Administrative Hearing defendant's attorney presented as evidence of Plaintiff's incompliance pictures showing her tree that is still standing on her property. No other evidence was provided during this hearing.  Administrative Officer placed the order that the Plaintiff's tree be cut by October 31,2024, the time of the second hearing.

12. On October 15,2024, because she was unable to participate in the hearing in person, and given this option instead of re-scheduling, Plaintiff submitted her written statement to Administrative Officer where she specified that she was unable to cut her tree because of her conscience's choice and not because she is disrespectful to Defendant's policy, and because she was not provided with the evidence she needed to do otherwise. (evidence #2, p4)

exhibit #16. p.3

13. On November 1, 2024, Plaintiff received an email from Megan Cherry, the HP Administrative Program Specialist, with the attached Finding Decisions Orders that indicated that on October 31, 2024, the Administrative Hearing Officer made his final ruling and ordered by a preponderance of the evidence that Plaintiff is liable for violation of "failure to remove diseased, infected or infested tree", and she is required to pay fines of $1000.00, and $50.00 of administrative costs to Defendant due now (evidence #1, p1, evid. #4, p1).

14. On November 5, 2024, plaintiff received an email from Ben Miller, City Forester, informing her that per the order of the Hearing Officer on October 31, 2024, the "City will be proceeding with the removal of the tree from her property on November 14, 2024, and be seeking the recovery of expenses from her as per chapter 94.115, and will add the cost of removing this infested tree from her property to the fines ruled on by judge for failure to comply with the city ordinance". (evidence #4, p3)

15. On November 13, 2024, and again on December 2, 2024, Plaintiff received an email from Ben Miller, stating that "the removal of the tree from her property has been moved to December 9, 2024, to include the 35 days window that Plaintiff has to appeal the Administrative Officer's final Order from 10/31/24". (evidence #4, p4,5).

16. The rule 42 US Code § 2000bb–1 - Free exercise of religion protected says that Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection, unless only if it demonstrates that application of the burden to the person (1) is in furtherance of a compelling governmental interest; and (2)is the least restrictive means of furthering that compelling governmental interest.

17. The First Amendment to the US Constitution, the Free Exercise Clause, and the Sec 3 of the Illinois Constitution prevents the government from prohibiting and the free exercise and enjoyment of religious profession and worship, without discrimination, shall forever be guaranteed.

18. The fourth Amendment to the US Constitution and Section 6 of Illinois Constitution calls for the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.,

19. Plaintiff made a choice to follow her conscience, and not the Defendant's order regardless the possible negative consequences because Defendant ignored or did not respond to her requests for additional evidence that she requested to comply with the order. It was difficult decision to make, because defendant never was delinquent in her obligations to the Defendant before

20. Sec 84.100: of the city ordinance states: "It shall be unlawful for any person, firm or corporation, being the owner of property whereon such a tree is situated, to possess or keep such tree after the expiration of the 30 days following notification of the discovery of said infection". This statement does not allow possibility of exclusion from the rule that could be required by law in specific situations, as in the case of Plaintiff.

exhibit#16,p.4

**Count one: violation of the Fourth Amendment to the US Constitution:**

The mean in which the Defendant secured the evidence claiming that Plaintiff is in possession of the so-called infected tree was carried out by means of a trespass upon the Plaintiff's property; Plaintiff's tree is in the backyard of her property, outside of plain view. Plaintiff was never asked to give permission to enter, nor did she give Defendant permission to enter her property, nor was she served with a warrant by the Defendant or the Defendant's agent, therefore Defendant illegally entered her property for administrative purposes to inspect the tree. Plaintiff's right to be safe and secure in her house was violated. If not at her own house, where should she find peace. As consequence she suffered significant stress from the lack of security in her house and is now hyper vigilantly expect unannounced visitors to inspect her property at their convenience with the intend of finding her delinquent, ant to take her property by force.

**Count two: violation of the First Amendment to the US Constitution.**

Defendant neglected to include in its ordinance an individual exclusion that would be warranted by law in sensible circumstances, as in case of plaintiff, or at least to try in good faith, when notified by Plaintiff multiple times, to work with her to accommodate her sensible needs. Plaintiff's attempts to communicate with Defendant were ignored and fully disregarded. She not only never received any response from Defendant indicating its willingness to provide her with any of the requested evidence that she needed to make different choice, but also, she was told that "there are certain rules not outlined under the constitution that residents are required to abide by in Highland Park". By doing so Defendant denied Plaintiff her fundamental right to practice her religious beliefs without discrimination, emphasizing its focus on undisputed compliance with its ordinance, even though the Constitution takes priority over any conflicting rules of the state law. As consequence Plaintiff suffered an abundant loss in form of intimidation, emotional distress, decrease in peace and enjoyment of life, monetary fines and other monetary charges as well as court fees.

**Count three: neglect/ breach of duty:**

Defendant neglected to provide Plaintiff with its support to help her with making her choice that would be approved by Defendant and with compliance with the dictates of her conscience to avoid the harm that she suffered. Defendant never offered any evidence that Plaintiff needed or referred Plaintiff to places where she could find one herself. Without the evidence that others rights are being infringed upon, Plaintiff chose to not violate her conscience. Defendant failed to exercise reasonable care as it is required by its duty to provide Plaintiff with what she needed to help her to make the best-informed choice that is least harming to both parties. Instead of helping her, Defendant imposed significant monetary penalties and made Plaintiff liable for the violation, and now threatens her with taking her property from her. It is Defendant duty to provide its people with the evidence that is in support of its policies and guidance related to public safety and wellbeing. Defendant failed to act with a reasonable care

*exhibit #16. p.5,*



**IN THE CITY OF HIGHLAND PARK, ILLINOIS**
**ADMINISTRATIVE HEARING SYSTEM**

**CITY OF HIGHLAND PARK, a Municipal Corporation -**
**Plaintiff**

Ticket #:HP119529

v.

KATARZYNA KLIMCZUK
555 HILLSIDE DR
HIGHLAND PARK, IL 60035

**FINDINGS, DECISIONS & ORDER**

This matter has been heard pursuant to and in accordance with Section 38.001 et seq. of the Highland Park Code, the City of Highland Park Administrative Hearing Officer being fully advised in the premises, and having considered any and all motions, evidence, and arguments presented, **IT IS HEREBY ORDERED AS FOLLOWS:**

This Administrative Hearing Officer finds, by a preponderance of the evidence, and rules as follows:

| Violations | Finding | Fines | Administrative Costs |
|---|---|---|---|
| Failure to Remove Diseased, Infected or Infested Tree | Liable | $1,000.00 | $50.00 |

**JUDGEMENT TOTAL: $ 1,050.00**

If a fine and fee is due based on today's judgment, the fine is due on the date of this Order. Failure to pay the judgment total within 90 days will result in your judgment being sent to collections.

If there are any outstanding violations or the need to take corrective action, the respondent is further ordered to immediately correct those violations and outstanding corrective actions that has been provided by the Code Enforcement Officer and Hearing Officer on or before dates that have been stated.

ENTERED: _____     10/31/2024
                City of Highland Park Administrative Hearing Officer          Date

**THIS ORDER MAY BE APPEALED TO THE CIRCUIT COURT OF LAKE COUNTY WITHIN 35 DAYS OF THIS ORDER**

Payments can be made online: https://www.municipalonlinepayments.com/highlandparkil

*evidence # 16, p.7*

**Klimczuk, Katarzyna**

| | |
|---|---|
| **From:** | Katarzyna Klimczuk <monku94@yahoo.com> |
| **Sent:** | Wednesday, February 12, 2025 10:33 AM |
| **To:** | Klimczuk, Katarzyna |
| **Subject:** | [EXTERNAL] Fwd: October Admin Hearing-Order |

Sent from my iPhone

Begin forwarded message:

**From:** Katarzyna Klimczuk <monku94@yahoo.com>
**Date:** December 6, 2024 at 9:06:56 AM CST
**To:** "Miller, Ben" <bmiller@cityhpil.com>
**Subject: Re: October Admin Hearing-Order**

Mr. Miller,

I am notifying you that I filed an official complaint with the court. It will take few days before they serve you/ notify you. Because you are planning on entering my property this coming Monday I am letting you know that you do not have my permission to enter my property and to cut my tree or remove anything from my property by force before court decides otherwise.

And also, I am letting you know that I changed my mind. Because you do not have good intention, my yard is not wide open for you, and you are not welcomed at my property.

Thank you,
Kasha Klimczuk

Sent from my iPhone

On Dec 3, 2024, at 7:16 AM, Miller, Ben <bmiller@cityhpil.com> wrote:

Good Morning Katarzyna,

I will agree with one point, this did not have to happen. If the tree had been removed in a timely fashion as required by Chapter 94.115, we would not be here.

Additionally, this would have helped reduced the likelihood of other American Elms (on and adjacent to your property) being infested. As discussed at the administrative hearing, at least two additional American Elms on your property are showing early signs of Dutch Elm Disease infestation and dieback. I would HIGHLY recommend having a Certified Arborist assess your Elms and look to remove those that are too far gone for treatment. These trees will become breeding grounds for the fungus and beetles that serve as a vector for disease transmission (as was true with the Elm at the center of this case). If these additional Elm trees are not removed, we will likely be in the same place next year.

For the record, I am a tree hugger. I simply have to look at the big picture.

1

*exhibit #17, p.1*

**Klimczuk, Katarzyna**

| | |
|---|---|
| **From:** | Katarzyna Klimczuk <monku94@yahoo.com> |
| **Sent:** | Friday, November 29, 2024 1:32 PM |
| **To:** | Klimczuk, Katarzyna |
| **Subject:** | [EXTERNAL] Fwd: October Admin Hearing - Order |

Sent from my iPhone

Begin forwarded message:

> **From:** "Miller, Ben" <bmiller@cityhpil.com>
> **Date:** November 5, 2024 at 18:29:24 GMT+1
> **To:** Katarzyna Klimczuk <monku94@yahoo.com>
> **Cc:** "Cherry, Megan" <mcherry@cityhpil.com>, "Kosiek, Hannah" <hkosiek@cityhpil.com>
> **Subject:** RE: October Admin Hearing - Order
>
> Good Morning Katarzyna,
>
> At the direction of the administrative adjudicate on Thursday October 31st, and per Section 94.115 of Highland Park City code, the City will be proceeding with the removal of the infested Elm tree at 555 Hillside Dr.
>
> Weather permitting Advanced Tree Care, a tree care contractor working on behalf of the City, will be removing the tree (marked with tag # 153) at 555 Hillside Drive on Thursday November 14th. Work will commence at 8am and is anticipated to conclude by 2pm.
>
> Please reach out with any questions on this matter,
>
> Ben
>
> **Bon Miller**
> City Forester
>
>  City of Highland Park
>
> **City of Highland Park**
> 1150 Half Day Road
> Highland Park, Illinois 60035
>
> 847.926.1179 Direct
> 847.432.0807 Main
>
> bmiller@cityhpil.com
> cityhpil.com/forestry
>   

1

*exhibit #17. p. 2*

page 1

DATE: 06/02/25     Highland Park Police Department     Incident # 2025-08842
                           Witness Statement            Accident # 2024-21533

Name of Person Making Statement: KATARZYNA KLIMCZUK
Address of Person Making Statement: 555 HILLSIDE DR, HIGHLAND PARK, IL 60035
Telephone # & DOB: 224 235 1267, 01/20/67

On December 09, 2024 around 8:9AM I called police 911 to come to my property because there were tresspassers came to enter my property without my permission. Police officer(s) came shortly after, and stated that these people came because "they need to remove the tree because it infects other trees (I do not remember exact words, but these are close words). I stated that I called because I need help with removing people who intend to enter my property without my permission and not to listen to the officer opinion. The officer said he would call his legal team & be back, but he never came back. About two hours later (between 9:30-10 AM) I called 911 once more for same reason. When officer came this time (he was not the same one) he breafly stated for I in the doorway that this is not a police problem and that it is a legal problem, and he left shortly after people the killer from HP circled my property without showing any documents, and against my permission with statement "I don't have to proove you anything". The people remained on my property for several hours, cut my tree and removed significant part of it from my property.

please see this page 2 for this statement #199

#199

_____
Signature of Witness Making Statement

Page # 1 of 2 Pages

exhibit #18, p.1-2

Page 2.

DATE: 06/02/25    Highland Park Police Department    Incident # 2025-08842

Witness Statement    ~~Accident #~~ 2024-21533

Name of Person Making Statement: KATARZYNA KLIMCZUK

Address of Person Making Statement: _____

Telephone # & DOB: both 2.

page 2.] Shortly after this, Mr. Miller came to my doorway and stated that they are going to proceed and when I asked to show me legal documents, he said "we don't have to prove you anything." Shortly after his people entered my backyard against my objection, remained there for several hours, cut my tree and removed big part of it from my yard.

#119

Unit #

_[signature]_

Signature of Witness Making Statement

Page # 2 of 2 Pages

exhibit #18, p.2



# Incident Report



| | | | |
|---|---|---|---|
| **Print Date/Time:** | 07/09/2025 11:56 | | PD Highland Park |
| **Login ID:** | cfreytag | **ORI Number:** | IL0490700 |

**Incident:** 2024-00021533

| | | | |
|---|---|---|---|
| **Incident Date/Time:** | 12/9/2024 8:17:56 AM | **Incident Type:** | Dispute |
| **Location:** | 555 HILLSIDE DR | **Venue:** | Highland Park |
| | Highland Park IL 60035 | | |
| **Phone Number:** | (224)235-1267 | **Source:** | 911 |
| **Report Required:** | Yes | **Priority:** | High |
| **Prior Hazards:** | No | **Status:** | In Progress |
| **LE Case Number:** | | **Nature of Call:** | |

### Unit/Personnel

| Unit | Personnel |
|---|---|
| 99112 | 112-Verber |
| 99126 | 126-Montemayor |
| 99179 | 179-Larson |

### Person(s)

| No. | Role | Name | Address | Phone | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| 1 | Other | KLIMCZUK, KATARZYNA | | | | | |

### Vehicle(s)

| Role | Type | Year | Make | Model | Color | License | State |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### Disposition(s)

| Disposition | Count | Date/Time |
|---|---|---|

**Unit: 99112**

| Disposition | Count | Date/Time |
|---|---|---|
| Incident Only | 1 | 12/09/2024 10:21 |
| Incident Only | 1 | 12/09/2024 10:39 |

**Unit: 99126**

| Disposition | Count | Date/Time |
|---|---|---|
| Additional Unit | 1 | 12/09/2024 10:21 |

### Property

| Date | Code | Type | Make | Model | Description | Tag No. | Item No. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

*exhibit #9, p.1*

CAD Narrative

12/09/2024 : 10:39:50 bverber Narrative: resident advised this not a police issue and there would be no police enforcement at this time. 112

12/09/2024 : 10:28:32 kangelov Narrative: DOES NOT BELIEVE FORESTRY DEPT IS ALLOWED TO REMOVE THE TREE

12/09/2024 : 10:28:07 kangelov Narrative: CALLER WOULD LIKE OFC DISPATCHED BACK OVER

12/09/2024 : 10:21:41 rmontemayor Narrative: 126

12/09/2024 : 10:21:24 bverber Narrative: ███████████ on scene with order to remove diseased tree from back of residence. Homeowner on scene advised of the tree removal today.  Issue ongoing in admit court for approximately three years. 112

12/09/2024 : 08:19:49 kangelov Narrative: CALLER IS NOT HAPPY

12/09/2024 : 08:19:46 kangelov Narrative: CITY OF HP ATTEMPTING TO GAIN ACCESS TO CALLER'S BACK YARD TO CUT DOWN A TREE

exhibit #19, P.2



# Incident Report



| | | | |
|---|---|---|---|
| Print Date/Time: | 07/09/2025 11:50 | | PD Highland Park |
| Login ID: | cfreytag | | ORI Number: IL0490700 |

Incident: **2025-00008842**

| | | | |
|---|---|---|---|
| Incident Date/Time: | 6/2/2025 4:32:10 PM | Incident Type: | Citizen Assist |
| Location: | 555 HILLSIDE DR | Venue: | Highland Park |
| | Highland Park IL 60035 | | |
| Phone Number: | (224)235-1267 | Source: | Desk/Walk In |
| Report Required: | Yes | Priority: | Low |
| Prior Hazards: | No | Status: | In Progress |
| LE Case Number: | | Nature of Call: | |

### Unit/Personnel

| Unit | Personnel |
|---|---|
| 99179 | 179-Larson |
| 99199 | 199-Seynos |

### Person(s)

| No. | Role | Name | Address | Phone | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| 1 | Other | KLIMCZUK, KATARZYNA | | (224)235-1267 | | | |

### Vehicle(s)

| Role | Type | Year | Make | Model | Color | License | State |
|---|---|---|---|---|---|---|---|

### Disposition(s)

| Disposition | Count | Date/Time |
|---|---|---|
| Incident Only | 1 | 06/02/2025 17:44 |

### Property

| Date | Code | Type | Make | Model | Description | Tag No. | Item No. |
|---|---|---|---|---|---|---|---|

exhibit #19, p3

**CAD Narrative**

06/02/2025 : 17:51:55 lseynos Narrative: Officer spoke to Katarzyna Klimczuk F/W 01/20/1967 who wished to have case 24-21533 documented. Officer explained FOIA process and advised to speak to public works regarding the ongoing incident of the tree removal. Written statments provided. See report for further. 156/199
06/02/2025 : 16:34:53 tdettloff Narrative: HAS QUESTIONS ABOUT PEOPLE TRESPASSING ON HER PROPERTY
06/02/2025 : 16:32:39 tdettloff Narrative: PD LOBBY

Exhibit#19 ₁ P.4



**IN THE CITY OF HIGHLAND PARK, ILLINOIS
ADMINISTRATIVE HEARING SYSTEM**

**CITY OF HIGHLAND PARK,** a Municipal Corporation - Plaintiff

Ticket #:HP119529

v.

KATARZYNA KLIMCZUK
555 HILLSIDE DR
HIGHLAND PARK, IL 60035

### FINDINGS, DECISIONS & ORDER

This matter has been heard pursuant to and in accordance with Section 38.001 et seq. of the Highland Park Code, the City of Highland Park Administrative Hearing Officer being fully advised in the premises, and having considered any and all motions, evidence, and arguments presented, IT IS HEREBY ORDERED AS FOLLOWS:

This Administrative Hearing Officer finds, by a preponderance of the evidence, and rules as follows:

| Violations | Finding | Fines | Administrative Costs |
|---|---|---|---|
| Failure to Remove Diseased, Infected or Infested Tree | Liable | $2,275.00 (includes $1,000 fine and $1,275 reimbursement for removal of tree) | $50.00 |

JUDGEMENT TOTAL: $ 2,325.00

If a fine and fee is due based on today's judgment, the fine is due on the date of this Order. Failure to pay the judgment total within 90 days will result in your judgment being sent to collections.

If there are any outstanding violations or the need to take corrective action, the respondent is further ordered to immediately correct those violations and outstanding corrective actions that has been provided by the Code Enforcement Officer and Hearing Officer on or before dates that have been stated.

ENTERED: _____   10/31/2024

City of Highland Park Administrative Hearing Officer   Date

**THIS ORDER MAY BE APPEALED TO THE CIRCUIT COURT OF LAKE COUNTY WITHIN 35 DAYS OF THIS ORDER**

Payments can be made online: https://www.municipalonlinepayments.com/highlandparkil

exhibit#20, p.1



# ADVANCED TREECARE

# INVOICE

**600 Industrial Dr.**
**Lincolnshire, IL 60069**
Phone #   (847) 587-8500
Fax #      (847) 973-9484

**Date:**  December 19, 2024
**Invoice #**  40294
office@advanced-treecare.com
www.advanced-treecare.com

**Due Date:**   January 03, 2025
**Due Terms:**   15 Days
**PO #:**

| Name / Address |
| --- |
| City of Highland Park |
| 1707 Saint Johns Ave |
| Highland Park IL 60035 |
| |
| Phone: 847-926-1604 |

| Job Location / Email |
| --- |
| City of Highland Park |
| Ben Miller |
| Highland Park IL 60035 |

| Item | Service Description | Completed | Price |
| --- | --- | --- | --- |
| American Elms | (Item #1 American Elms) Removal (Tree) | 12/9/2024 | $1,275.00 |
| | 555 Hillside Dr | | |
| | Time and Material removal of 1 back yard east dead Elm, haul debris. | | |
| | 3 men 8am-1pm | | |

| | | |
| --- | --- | --- |
| Payment Methods: Check, All Credit Cards, Paypal. | **Total** | $1,275.00 |
| 2.5% daily service charge on unpaid overdue accounts. | **Payments/Credits** | $0.00 |
| Payment due within 15 days of work completion date. | **Balance Due** | $1,275.00 |
| Arborist: MB | www.advanced-treecare.com | office@advanced-treecare.com | (847) 587 - 8500 |

Note:

*exhibit #20, p. 2*